

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,781-02

### EX PARTE WAYMON JAESHELL STEPHERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 77949-CR-B IN THE 300TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of two counts of aggravated robbery and sentenced to thirty-eight years' imprisonment. The First Court of Appeals affirmed his convictions. *Stephenson v. State*, No. 01-16-00936-CR (Tex. App.—Houston [1ˢᵗ Dist.] Feb. 8, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied due process because the former District Clerk for Brazoria County used an unconstitutional selection system to create jury panels. Applicant has alleged facts that, if true, might entitle him to relief. *See Peters v. Kiff*, 407 U.S. 493, 502 (1972) (plurality). Accordingly, the record should be developed. The trial court is the appropriate forum

for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Due to the extreme technicality and future implications of this case, the interests of justice require representation; therefore, the Court instructs the trial court to appoint Applicant an attorney to represent him. *See* TEX. CODE CRIM. PROC. art. 26.04; TEX. CODE CRIM. PROC. art. 1.051 § (d)(3). When counsel is appointed, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's due process rights were violated. The trial court shall make specific findings as to (1) whether the former Brazoria County District Clerk, Rhonda Barchak, utilized a race-based jury selection system to create jury panels; (2) whether Barchak's selection system had an impact on the racial composition of the jury panels in Brazoria county, including whether certain races or groups were excluded or under-represented; (3) whether Applicant's specific jury panel represented a fair cross section of his community; and (4) whether Barchak's error, if any, is considered structural or non-structural error. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim. It appears that there is an one-hundred-and-seventy-seven-page report by the Texas Ranger's Public Integrity Unit regarding Burchak's selection system. If the trial court has the ability to obtain this investigative report, it shall supplement the writ record with a copy.

The trial court shall make findings of fact and conclusions of law within one-hundred-and-twenty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   April 20, 2022

Do not publish